KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
EUGENE M. PAIGE - #202849
RYAN M. KENT - #220441
SANDEEP MITRA - #244054
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
WELLS FARGO & COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>WELLS FARGO & COMPANY, a Delaware corporation,<br><br>                                    Defendant. | Case No. CV 08 0863-SBA<br><br>**ANSWER**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Wells Fargo & Company ("Wells Fargo") answers Phoenix Solutions, Inc.'s ("Phoenix's") complaint ("Complaint") as follows:

1.      Wells Fargo admits that the Complaint purports to recite an action for infringement under the patent laws of the United States.

**I.      THE PARTIES**

2.      Wells Fargo denies that Phoenix is a corporation organized and existing under the laws of the State of California; Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph and, on that basis,

1  denies the remainder of the allegations in this paragraph.

2      3.    Admitted.

## II.     FACTUAL BACKGROUND

4.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies the allegations in this paragraph.

5.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies the allegations in this paragraph.

6.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies the allegations in this paragraph.

7.  Denied.

8.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies the allegations in this paragraph.

9.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies the allegations in this paragraph.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

1   19.     Denied.

2   20.     Denied.

3   21.     Denied.

4   22.     Wells Fargo admits that, on or about June 2, 2006, J. Nicholas Gross of the Trojan Law Offices sent a letter addressed to James Strother, purportedly on behalf of Phoenix, in which Mr. Gross stated that the "speech based electronic agent" that Mr. Gross apparently assumed was operated by Wells Fargo "is very likely covered one or more claims of the Phoenix portfolio in this area." Wells Fargo admits that the letter listed U.S. Patent Nos. 6,633,846, 6,616,172, 6,665,640, and 7,050,977 and a pending publication, Publication No. 2004/0117189. Wells Fargo further admits that the letter stated that "we request that you please review the enclosed materials, and let us know within 30 days if Wells Fargo is interested in securing a license to the above technologies." Wells Fargo admits that, on or about June 27, 2006, Walter Linder pointed out in a letter to Mr. Gross that Mr. Gross had failed to identity any specific claims that were infringed and had not provided any specific reasons why any such claims were infringed. Wells Fargo admits that, on or about June 29, 2006, Mr. Gross replied by letter to Mr. Linder that Wells Fargo may have overlooked a CD enclosed with the original letter. Wells Fargo admits that, on or about October 18, 2007, R. Joseph Trojan, purportedly representing Phoenix, sent a letter to Mr. Linder stating, *inter alia*, "the only rational choice is for Wells Fargo to solicit more favorable treatment as a willing licensee than the terms it would receive as a defendant in litigation." The letter further demanded that Wells Fargo "disclose its call volume for each of the past three years for its interactive natural language processing customer support lines." Wells Fargo denies the remainder of the allegations in this paragraph.

### III.     JURISDICTION AND VENUE

23.     This paragraph states no more than a legal conclusion to which no response is required.

24.     This paragraph states no more than a legal conclusion to which no response is required.

25.     This paragraph states no more than a legal conclusion to which no response is

required.

**IV.    FIRST COUNT FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 6,633,846**

26.    Wells Fargo repeats and realleges its responses set forth in paragraphs 1-25 above.

27.    Wells Fargo admits that what purports to be a copy of U.S. Patent No. 6,633,846 (" '846 patent") is attached to the Complaint as Exhibit 1. Wells Fargo admits that the '846 patent is entitled "Distributed Real Time Speech Recognition System."  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph and, on that basis, denies the remainder of the allegations in this paragraph.

28.    Denied.

29.    Denied.

30.    Denied.

**V.    SECOND COUNT FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 6,665,640**

31.    Wells Fargo repeats and realleges its responses set forth in paragraphs 1-25 above.

32.    Wells Fargo admits that what purports to be a copy of U.S. Patent No. 6,665,640 (" '640 patent") is attached to the Complaint as Exhibit 2. Wells Fargo admits that the '640 patent is entitled "Interactive Speech Based Learning/Training System Formulating Search Queries Based on Natural Language Parsing of Recognized User Queries."  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph and, on that basis, denies the remainder of the allegations in this paragraph.

33.    Denied.

34.    Denied.

35.    Denied.

## VI. THIRD COUNT FOR INFRINGEMENT OF UNITED STATES PATENT NO. 7,050,977

36. Wells Fargo repeats and realleges its responses set forth in paragraphs 1 - 25 above.

37. Wells Fargo admits that what purports to be a copy of U.S. Patent No. 7,050,977 (" '977 patent") is attached to the Complaint as Exhibit 3. Wells Fargo admits that the '977 patent is entitled "Speech-Enabled Server for Internet Website and Method." Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph and, on that basis, denies the remainder of the allegations in this paragraph.

38. Denied.

39. Denied.

40. Denied.

## VII. FOURTH COUNT FOR INFRINGEMENT OF UNITED STATES PATENT NO. 7,277,854

41. Wells Fargo repeats and realleges its responses set forth in paragraphs 1 - 25 above.

42. Wells Fargo admits that what purports to be a copy of U.S. Patent No. 7,277,854 (" '854 patent") is attached to the Complaint as Exhibit 4. Wells Fargo admits that the '854 patent is entitled "Speech Recognition System Interactive Agent." Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph and, on that basis, denies the remainder of the allegations in this paragraph.

43. Denied.

44. Denied.

45. Denied.

## VIII. DEMAND FOR JURY TRIAL

46. This paragraph demands a jury trial, and accordingly no response is necessary for this paragraph.

### IX.  PRAYER FOR RELIEF

47. Wells Fargo denies each allegation of the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

48. On information and belief, the '846 patent is invalid because it fails to enable a person of ordinary skill in the art to make and/or use the purported inventions claimed therein as required by 35 U.S.C. § 112.

### SECOND AFFIRMATIVE DEFENSE

49. On information and belief, the '846 patent is invalid because it fails to set forth an adequate written description of the purported inventions claimed therein as required by 35 U.S.C. § 112.

### THIRD AFFIRMATIVE DEFENSE

50. On information and belief, the '846 patent is invalid because it fails to provide the best mode known to the putative inventors of practicing the purported inventions claimed therein as required by 35 U.S.C. § 112.

### FOURTH AFFIRMATIVE DEFENSE

51. On information and belief, the '846 patent is invalid because it fails to satisfy the definiteness requirement of 35 U.S.C. § 112.

### FIFTH AFFIRMATIVE DEFENSE

52. On information and belief, the '846 patent is invalid because the purported inventions claimed therein are anticipated by prior art under 35 U.S.C. § 102.

### SIXTH AFFIRMATIVE DEFENSE

53. On information and belief, the '846 patent is invalid because the purported inventions claimed therein do not meet the requirement of non-obviousness contained in 35 U.S.C. § 103.

### SEVENTH AFFIRMATIVE DEFENSE

54. On information and belief, the '846 patent is invalid because it fails to set forth

the proper inventors of the purported inventions claimed in the patent.

**EIGHTH AFFIRMATIVE DEFENSE**

55. On information and belief, the '846 patent is not infringed by Wells Fargo because the claim constructions that would be required to find infringement are barred by the doctrine of prosecution disclaimer and/or prosecution history estoppel.

**NINTH AFFIRMATIVE DEFENSE**

56. On information and belief, the '640 patent is invalid because it fails to enable a person of ordinary skill in the art to make and/or use the purported inventions claimed therein as required by 35 U.S.C. § 112.

**TENTH AFFIRMATIVE DEFENSE**

57. On information and belief, the '640 patent is invalid because it fails to set forth an adequate written description of the purported inventions claimed therein as required by 35 U.S.C. § 112.

**ELEVENTH AFFIRMATIVE DEFENSE**

58. On information and belief, the '640 patent is invalid because it fails to provide the best mode known to the putative inventors of practicing the purported inventions claimed therein as required by 35 U.S.C. § 112.

**TWELFTH AFFIRMATIVE DEFENSE**

59. On information and belief, the '640 patent is invalid because it fails to satisfy the definiteness requirement of 35 U.S.C. § 112.

**THIRTEENTH AFFIRMATIVE DEFENSE**

60. On information and belief, the '640 patent is invalid because the purported inventions claimed therein are anticipated by prior art under 35 U.S.C. § 102.

**FOURTEENTH AFFIRMATIVE DEFENSE**

61. On information and belief, the '640 patent is invalid because the purported inventions claimed therein do not meet the requirement of non-obviousness contained in 35 U.S.C. § 103.

**FIFTEENTH AFFIRMATIVE DEFENSE**

62. On information and belief, the '640 patent is invalid because it fails to set forth the proper inventors of the purported inventions claimed in the patent.

**SIXTEENTH AFFIRMATIVE DEFENSE**

63. On information and belief, the '640 patent is not infringed by Wells Fargo because the claim constructions that would be required to find infringement are barred by the doctrine of prosecution disclaimer and/or prosecution history estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

64. On information and belief, the '977 patent is invalid because it fails to enable a person of ordinary skill in the art to make and/or use the purported inventions claimed therein as required by 35 U.S.C. § 112.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

65. On information and belief, the '977 patent is invalid because it fails to set forth an adequate written description of the purported inventions claimed therein as required by 35 U.S.C. § 112.

**NINETEENTH AFFIRMATIVE DEFENSE**

66. On information and belief, the '977 patent is invalid because it fails to provide the best mode known to the putative inventors of practicing the purported inventions claimed therein as required by 35 U.S.C. § 112.

**TWENTIETH AFFIRMATIVE DEFENSE**

67. On information and belief, the '977 patent is invalid because it fails to satisfy the definiteness requirement of 35 U.S.C. § 112.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

68. On information and belief, the '977 patent is invalid because the purported inventions claimed therein are anticipated by prior art under 35 U.S.C. § 102.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

69. On information and belief, the '977 patent is invalid because the purported inventions claimed therein do not meet the requirement of non-obviousness contained in 35

U.S.C. § 103.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

70.  On information and belief, the '977 patent is invalid because it fails to set forth the proper inventors of the purported inventions claimed in the patent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

71.  On information and belief, the '977 patent is not infringed by Wells Fargo because the claim constructions that would be required to find infringement are barred by the doctrine of prosecution disclaimer and/or prosecution history estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

72.  On information and belief, the '854 patent is invalid because it fails to enable a person of ordinary skill in the art to make and/or use the purported inventions claimed therein as required by 35 U.S.C. § 112.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

73.  On information and belief, the '854 patent is invalid because it fails to set forth an adequate written description of the purported inventions claimed therein as required by 35 U.S.C. § 112.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

74.  On information and belief, the '854 patent is invalid because it fails to provide the best mode known to the putative inventors of practicing the purported inventions claimed therein as required by 35 U.S.C. § 112.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

75.  On information and belief, the '854 patent is invalid because it fails to satisfy the definiteness requirement of 35 U.S.C. § 112.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

76.  On information and belief, the '854 patent is invalid because the purported inventions claimed therein are anticipated by prior art under 35 U.S.C. § 102.

### THIRTIETH AFFIRMATIVE DEFENSE

77.  On information and belief, the '854 patent is invalid because the purported

1  inventions claimed therein do not meet the requirement of non-obviousness contained in 35
2  U.S.C. § 103.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

78. On information and belief, the '854 patent is invalid because it fails to set forth the proper inventors of the purported inventions claimed in the patent.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

79. On information and belief, the '854 patent is not infringed by Wells Fargo because the claim constructions that would be required to find infringement are barred by the doctrine of prosecution disclaimer and/or prosecution history estoppel.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

80. On information and belief, one or more of Phoenix's claims are barred by the doctrine of laches.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

81. On information and belief, Phoenix's claims for damages are limited and/or barred by its failure to comply with the provisions of 35 U.S.C. § 287.

### PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for judgment as follows:

(a) That Phoenix take nothing by its Complaint and the Court dismiss its Complaint with prejudice;

(b) That the Court find that no claim of the '846 patent has been, or is, infringed willfully, deliberately, or otherwise by Wells Fargo;

(c) That the Court find that no claim of the '640 patent has been, or is, infringed willfully, deliberately, or otherwise by Wells Fargo;

(d) That the Court find that no claim of the '977 patent has been, or is, infringed willfully, deliberately, or otherwise by Wells Fargo;

(e) That the Court find that no claim of the '854 patent has been, or is, infringed willfully, deliberately, or otherwise by Wells Fargo;

1  (f) That the Court find that the claims of the '846 patent are invalid;

2  (g) That the Court find that the claims of the '640 patent are invalid;

3  (h) That the Court find that the claims of the '977 patent are invalid;

4  (i) That the Court find that the claims of the '854 patent are invalid;

5  (j) That the Court award Wells Fargo reasonable attorneys' fees under 35 U.S.C. § 285;

6  (k) That the Court award Wells Fargo all costs and expenses it incurs in this action;

7  (l) That the Court award Wells Fargo such other and further relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

Wells Fargo hereby demands a trial by jury of all issues so triable in this action.

Dated: March 4, 2008                    KEKER & VAN NEST, LLP


                                        By:      /s/ Eugene M. Paige
                                             DARALYN J. DURIE
                                             Attorneys for Defendant
                                             WELLS FARGO & COMPANY