1  R. Joseph Trojan (CA Bar No. 137,067)
   trojan@trojanlawoffices.com
2  TROJAN LAW OFFICES
   9250 Wilshire Blvd., Suite 325
3  Beverly Hills, CA  90212
   Telephone:  310-777-8399
4  Facsimile:  310-777-8348

5
   **Attorneys for Plaintiff,**
6  **PHOENIX SOLUTIONS, INC.**

7  Daralyn J. Durie (CA Bar No. 169825)
   Eugene M. Paige (CA Bar No. 202849)
8  Ryan M. Kent (CA Bar No. 220441)
   Sandeep Mitra (CA Bar No. 244054)
9  KEKER & VAN NEST, LLP
   710 Sansome Street
10 San Francisco, CA 94111-1704

11
   **Attorneys for Defendant,**
12 **WELLS FARGO & COMPANY**

13

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17

18 PHOENIX SOLUTIONS, INC, a            CASE NO. CV08-00863 MHP
   California corporation,
19                                      **JOINT CASE MANAGEMENT STATEMENT**
                Plaintiff,              **AND PROPOSED ORDER**
20
        v.
21
   WELLS FARGO AND COMPANY, a
22 Delaware corporation,
                                        **Hon. Marilyn Hall Patel**
23              Defendant.

24

25      The parties submit their Joint Case Management Statement

26 pursuant to the Clerk's Notice (Docket Entry No. 17), Civil Local

27 Rule 16-9, and the "Standing Order for All Judges of the Northern

28
   Joint Case Management Statement and        -1-        CASE NO. CV08-00863 MHP
   Proposed Order

TROJAN LAW OFFICES
BEVERLY HILLS

District of California — Contents of Joint Case Management Statement."

**1.    Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiff Phoenix Solutions Inc.'s ("Phoenix") patent infringement claims pursuant to 28 U.S.C. § 1338(a).

No issues exist regarding personal jurisdiction or venue. As further explained below, Phoenix intends to submit an amended complaint naming Wells Fargo Bank, N.A. as the defendant, and Keker & Van Nest LLP is authorized to accept service of that amended complaint on behalf of Wells Fargo Bank, N.A.

**2.    Facts**

On February 8, 2008, Phoenix brought an action for damages and injunctive relief against Wells Fargo and Company ("Wells Fargo") for alleged infringement of United States Patent No. 6,633,846, 6,665,640, 7,050,977 and 7,277,854 (collectively "Patents in Suit").

Wells Fargo answered the Complaint on March 4, 2008, denying infringement and asserting defenses of non-infringement and invalidity. On March 24, 2008, Wells Fargo & Company filed an amended answer to Phoenix's complaint, which added certain defenses, including inequitable conduct.

The parties have stipulated that Phoenix will file an amended complaint that names Wells Fargo Bank, N.A. as the defendant in this action.

**3.    Legal Issues**

Legal issues exist with respect to patent infringement, patent validity, inequitable conduct in procurement of the patents in suit, the existence and amount of Phoenix's alleged damages, and whether Phoenix is entitled to injunctive relief.

**4.    Motions**

On March 13, 2008, Wells Fargo filed an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12.  On March 26, 2008, Judge Honorable Marilyn H. Patel found this case was related to <u>Phoenix Solutions, Inc. v. Sony Electronics, Inc.</u> and issued a Related Case Order (Docket Entry No. 16).

During the week of April 21, 2008, Phoenix will file an amended complaint changing the named defendant from "Wells Fargo and Company" to "Wells Fargo, N.A."  Wells Fargo has stipulated to the filing of that amended complaint.

Phoenix anticipates filing a motion to strike Wells Fargo's affirmative defenses numbered thirty-five through thirty-eight.

Phoenix may need to file a motion for administrative relief under Civil L.R. 7-11 to reschedule the Case Management Conference currently scheduled for May 5, 2008.  Mr. Trojan has

TROJAN LAW OFFICES
BEVERLY HILLS

recently learned he will be lead counsel on a three-week jury trial starting on May 5, 2008.

**5.    Amendment of Pleadings**

At this time, aside from the substitution of Wells Fargo Bank, N.A. for Wells Fargo & Company, no other parties are expected to be added in this case.

The parties propose November 3, 2008, as the deadline for amending the pleadings.

**6.    Evidence Preservation**

The parties discussed the types of documents that each side would expect the other to preserve for purposes of the litigation during their meet-and-confer.

**7.    Disclosures**

The parties agree to complete Rule 26(a) initial disclosures by May 19, 2008.

**8.    Discovery**

<u>Discovery Taken to Date</u>

No discovery has been taken to date.

<u>Scope of Anticipated Discovery</u>

The parties agree that bifurcating discovery into fact and expert phases would be appropriate. Phoenix anticipates that fact discovery will be needed concerning Wells Fargo's defenses, including discovery on infringement of the Patents in Suit and

TROJAN LAW OFFICES
BEVERLY HILLS

damages.  Wells Fargo anticipates that fact discovery will center upon the validity, enforceability, and infringement of the Patents in Suit.  Expert discovery will likely be needed on these issues as well.

<u>Proposed Limitations or Modifications of the Discovery Rules</u>

The parties discussed the manner in which electronically stored information will be produced.  Phoenix anticipates producing its electronically stored information in a standard format.  Wells Fargo anticipates producing its electronically stored information as single page tiff files.

Phoenix proposes that no modifications be made to the Federal Rules of Civil Procedure.  Wells Fargo proposes only a single modification to the defaults contained in the Federal Rules: it proposes permitting as much as fourteen (14) hours of deposition time for each inventor, instead of the presumptive seven (7) limitation found in Rule 30(d)(1).  Wells Fargo believes this increase in the standard deposition time is necessary given that three of the inventors are named on three of the Patents in Suit and the fourth is named on all four of the Patents in Suit.

Phoenix objects to the seven-hour limit being exceeded for any of the inventors.

Wells Fargo anticipates that it may be necessary to use the provisions of the Hague Convention in order to obtain the depositions of three of the four named inventors, each of whom

1 appear to be Indian nationals. Wells Fargo has inquired whether

2 Phoenix will agree to make those inventors available for

3 deposition, and Phoenix has indicated that it needs to

4 investigate the matter further.

5 Wells Fargo believes that an appropriate and mutually

6 acceptable protective order should be in place before it can

7 produce its documents, and is prepared to negotiate the terms of

8 such an order with Phoenix.

9

10                        Patent Local Rules Deadlines

11 By June 2, 2008, Phoenix will serve its Preliminary

12 Infringement Contentions for the Patents in Suit pursuant to

13 Patent Local Rule 3-1. By July 31, 2008, Wells Fargo will serve

14 its Preliminary Invalidity Contentions. These dates are

15 calculated under the Patent Local Rules from the May 5, 2008

16 Initial Case Management Conference date, with two extra weeks for

17 the preparation of contentions included for each side. The

18 parties jointly propose holding a technology tutorial for the

19 Court the week before the Markman hearing in this case. The

20 parties are willing to present live testimony at either the

21 technology tutorial or the Markman hearing, should the Court

22 believe that such testimony would be useful.

23

24                  Proposed Discovery/Case Management Plan

25 Each party proposes the following schedule:

26 //

27 //

28

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

| Event | Phoenix's Proposed Dates | Wells Fargo's Proposed Dates | Court Ordered Dates |
|---|---|---|---|
| Initial Case Management Conference | -- | -- | May 5, 2008 |
| Phoenix's Preliminary Infringement | June 2, 2008 | June 2, 2008 | -- |
| Defendant's Preliminary Invalidity | July 31, 2008 | July 31, 2008 | |
| Exchange of Proposed Terms and Claim Elements | August 8, 2008 | August 8, 2008 | |
| Exchange of Preliminary Claim Construction | August 28, 2008 | August 28, 2008 | |
| File Joint Claim Construction and Prehearing Statement | September 19, 2008 | September 19, 2008 | |
| Claim Construction Discovery (including expert claim construction discovery) cut-off | October 19, 2008 | October 19, 2008 | |
| Phoenix Claim Construction Opening Brief | October 30, 2008 | October 30, 2008 | |
| Response Brief to Phoenix Opening Brief | November 13, 2008 | November 13, 2008 | |
| Reply to Response Brief | November 20, 2008 | November 20, 2008 | |
| Completion of Claim Construction Hearing | Week of Dec. 1 for Tutorial Week of Dec. 8 for Markman | Week of Dec.1 for Tutorial Week of Dec.8 for Markman | |

| | Hearing | Hearing | |
|---|---|---|---|
| Fact Discovery cut-off | January 9, 2009 | February 20, 2009 | |
| Opening Expert Reports on topics for which a party bears the burden of proof | January 16, 2009 | March 23, 2009 | |
| Rebuttal Expert Reports | January 30, 2009 | April 20, 2009 | |
| Expert Discovery cut-off | February 20, 2009 | May 18, 2009 | |
| Discovery Motion cut-off | February 27, 2009 | May 4, 2009 | |
| Filing of Dispositive Motion cut-off | March 6, 2009 | June 15, 2009 | |
| · Joint Final Pretrial Statement and Proposed Order<br>· Jury Instructions, voir dire, verdict form<br>· Depo. Designations | April 27, 2009 | August 21, 2009 | |
| Pretrial Conference | May 11, 2009 | September 7, 2009 | |
| Jury Trial | May 25, 2009 | September 21, 2009 | |

**9.    Class Action**

This case is not a class action.

**10.    Related Cases**

This Court has determined <u>Phoenix Solutions, Inc. v. Sony Electronics, Inc.</u>, Case No. CV 07-02112 MHP, is a related case.

TROJAN LAW OFFICES
BEVERLY HILLS

1    Phoenix continues its contention that the two cases are not
2    related.

3        Phoenix currently has a proceeding pending before the United
4    States District Court for the Central District of California.
5    That case is titled <u>Phoenix Solutions, Inc. v. The DirecTV Group,</u>
6    <u>Inc.</u>, Case No. CV 08-984 MRP(SSx).  It is a patent infringement
7    lawsuit, and Phoenix has asserted one of the four Patents in Suit
8    against DirecTV in that action.

**11.    Relief**

9        Phoenix seeks compensatory damages of twenty-five (25) to
10   thirty-three (33) percent of the money it alleges Wells Fargo has
11   saved by using the Patents in Suit.  Further, Phoenix seeks a
12   preliminary and permanent injunction barring Wells Fargo from
13   manufacturing, importing, or using any system that infringes the
14   Patents in Suit.  Furthermore, Phoenix also seeks an accounting,
15   compensatory damages not less than a reasonable royalty, a
16   compulsory license fee in the event that a permanent injunction
17   is not issued, treble damages, attorneys' fees, and any and all
18   other relief that the Court deems proper.

**12.    Settlement and ADR**

19       The Joint ADR Certification with Stipulation to ADR Process
20   will be filed with the Court during the week of April 21, 2008.
21   The parties have agreed to participate in mediation pursuant to
22   ADR L.R. 6.  Phoenix believes that it cannot have meaningful

TROJAN LAW OFFICES
BEVERLY HILLS

settlement discussions until data concerning Wells Fargo's call volume is provided.

**13.    Consent to Magistrate Judge for All Purposes**

Phoenix declined to consent to the assignment of the case to Magistrate Judge Chen, resulting in the case being transferred for all purposes to Judge Armstrong.

Phoenix may consent to a magistrate judge if the parties are allowed to select the judge.  Wells Fargo does not believe that Phoenix may now consent to proceed before a magistrate judge, having previously declined to have this case heard by Magistrate Judge Chen.

**14.    Other References**

The parties do not feel that the case is suitable for reference at this time to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Phoenix and Wells Fargo do not believe the issues can be narrowed at this time.

**16.    Expedited Schedule**

This case is not likely a case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

See Proposed Discovery/Case Management Plan, *supra*, at section 8.

TROJAN LAW OFFICES
Beverly Hills

1    **18.    Trial**

2      The parties estimate a 2-week jury trial.

3

4    **19.    Disclosure of Non-party Interested Entities or Persons**

5      All of the parties have filed the "Certification of

6 Interested Entities or Persons" as required by Civil Local Rule

7 3-16. (Docket Entry Nos. 2, 13).

8

9      Phoenix has identified Dr. Ian Bennett, inventor of Patents

10 in Suit, as an interested person as defined under L.R. 3-16.

11

12      Wells Fargo has stated no such entities or persons exist as

13 to Wells Fargo.

14    **20.    Other Matters**

15      At this time, there are no other matters as may facilitate

16 the just, speedy and inexpensive disposition of this matter.

17

18

19

20

21

22

23

24

25

26

27

28

TROJAN LAW OFFICES
BEVERLY HILLS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

TROJAN LAW OFFICES
by


/s/R. Joseph Trojan
R. Joseph Trojan

Attorney for Plaintiff,
PHOENIX SOLUTIONS, INC.

KEKER & VAN NEST, LLP
by


/s/Eugene M. Paige
Daralyn J. Durie
Eugene M. Paige
Ryan M. Kent
Sandeep Mitra

Attorney for Defendant,
WELLS FARGO AND COMPANY

   I hereby attest that I have on file all holograph signatures

for any signatures indicated by a "conformed" signature (/S/)

within this efiled document.


/s/R. Joseph Trojan
R. Joseph Trojan

Attorney for Plaintiff,
PHOENIX SOLUTIONS, INC.

TROJAN LAW OFFICES
BEVERLY HILLS

Joint Case Management Statement and
Proposed Order

-12-

CASE NO. CV08-00863 MHP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROJAN LAW OFFICES
BEVERLY HILLS

## **CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby

adopted by the Court as the Case Management Order for the case

and the parties are ordered to comply with this Order.

Date: _____          _____
                                UNITED STATES DISTRICT JUDGE
                                Hon. Marilyn Hall Patel

Joint Case Management Statement and          -13-          CASE NO. CV08-00863 MHP
Proposed Order