TROJAN LAW OFFICES
R. JOSEPH TROJAN - #137067
9250 Wilshire Blvd, Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff
PHOENIX SOLUTIONS, INC.

KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
EUGENE M. PAIGE - #202849
RYAN M. KENT - #220441
SONALI D. MAITRA – #254896
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., a Delaware corporation<br><br>　　　　　　　　　　　　Defendant. | Case No. CV 08-0863 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　August 25, 2008<br>Time:　3:00 p.m.<br>Dept:　15, 18th Floor<br>Judge:　Hon. Marilyn Hall Patel<br><br>Date Comp. Filed:　February 8, 2008<br><br>Trial Date: TBD |

1    Pursuant to the Court's Order filed June 10, 2008 and Local Rule 16-10(d), Phoenix
2 Solutions, Inc. ("Phoenix") and Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submit this
3 Joint Case Management Statement.

4    **Proposed motions:**

5    **Phoenix's Statement.**  Plaintiff intends to file a Motion for Summary Judgment on the
6 issue of inequitable conduct.  Defendant has been given proper notice that Plaintiff will file said
7 motion.

8    **Wells Fargo's Statement.**  Wells Fargo intends to file a motion for summary judgment
9 on all four patents.  Phoenix has accused Wells Fargo of infringement based on Wells Fargo's
10 implementation of software sold by Nuance.  But Nuance has been selling software with the
11 accused functionality since well before the November 1999 filing date of each of the patents-in-
12 suit, rendering Phoenix's patents invalid.  Because Wells Fargo's invalidity arguments are based
13 Phoenix's own infringement contentions, the court does not need to hold a claim construction
14 hearing to decide this motion.

15    **Case management issues:**

16    **Phoenix's issues.**  Plaintiff also intends to file a Motion for Protective Order.  The Parties
17 have exchanged several drafts and communications regarding a stipulated protective order, but
18 have reached an impasse on one remaining issue.  Plaintiff has asked that one of its outside
19 counsel, J. Nicholas Gross, be allowed access to any information, including those marked "For
20 Attorney's Eyes Only."  Mr. Gross has been Plaintiff's counsel on patent matters for the past
21 eight years.  He is Plaintiff's most trusted legal adviser.  Plaintiff's position is that providing Mr.
22 Gross access to confidential information would not compromise Defendant's competitive
23 advantage in any way since the Parties do not compete in any industry related to the patents in
24 suit.  However, Defendant has steadfast denied Mr. Gross access to the confidential information.

25    **Wells Fargo's issues.**  The parties have come close to reaching agreement on a
26 protective order based on the standard protective order found on the Court's website.  However,
27 Phoenix has requested that its patent prosecution counsel, Mr. J. Nicholas Gross, who continues
28 to prosecute continuation applications of the patents-in-suit, be permitted to review documents

1  designated as Highly Confidential under the protective order. Wells Fargo indicated that it
2  would be willing to allow that access if Mr. Gross agreed to cease prosecuting patents for
3  Phoenix, and thereby remove the risk that he would, however inadvertently, use Highly
4  Confidential information from the litigation in drafting further claims that, like the patents at
5  issue in this case, might be asserted against Wells Fargo in the future. Wells Fargo believes that
6  Phoenix's attempt to have Mr. Gross access Highly Confidential information while continuing to
7  prosecute patents runs afoul of the principle that "the patent prosecutors for any party should
8  make a choice: either prosecute future patents in this family of patents, or litigate the patent at
9  issue, but not both." *Presidio Components, Inc. v. American Tech. Ceramics Corp.*, 546 F. Supp.
10 2d 951 (S.D. Cal. 2008). Although the parties have been able to go forward in discovery by
11 operating under Patent Local Rule 2-2's provision limiting disclosure to outside counsel of
12 record, Wells Fargo has recently served subpoenas on non-parties who will undoubtedly want to
13 have a protective order in force before producing their documents. Wells Fargo therefore asks
14 that the Court enter the standard terms of the Northern District protective order to which the
15 parties have agreed, and rule that Mr. Gross may not access Highly Confidential documents
16 unless he discontinues prosecuting patents on Phoenix's behalf in this area.
17      A second issue has arisen with respect to Mr. Gross. In this litigation, and apparently in
18 others, Phoenix has produced documents reflecting communications between Mr. Gross and
19 Phoenix's principal, Mr. Bennett, relating to the prosecution of the patents at issue in this case.
20 Wells Fargo has requested that Phoenix produce other such communications, and Phoenix has
21 refused to do so, apparently on grounds of privilege. When the parties met and conferred
22 regarding Phoenix's objections, Phoenix's counsel conceded that privilege had been waived as a
23 result of its production of those documents, but took the position that the scope of the waiver was
24 narrow. Phoenix's counsel has also never requested that the documents at issue be returned to
25 Phoenix, thereby confirming that their production was a deliberate choice, and not the product of
26 inadvertence. It appears from Phoenix's statement in this filing that Phoenix believes the waiver
27 extends only to the specific documents that it produced. Wells Fargo accordingly requests that
28 the Court allow the parties to brief the issue of the breadth of the privilege waiver, and to order

1  Phoenix to produce all responsive documents that are within the scope of the waiver.  This issue
2  plainly needs to be resolved swiftly so that Wells Fargo will know what information is available
3  to it in opposing Phoenix's planned motion for summary judgment on inequitable conduct.
4  Wells Fargo proposes that it file an opening letter brief on August 25, and that Phoenix file a
5  letter brief in opposition by Friday, August 29.  If the Court is inclined to consider a reply letter
6  brief, Wells Fargo would propose to file one on Wednesday, September 3.

7       **Phoenix's response.**  Wells Fargo asks the Court to enter the standard terms of the
8  Northern District protective order at the status conference.  Given the importance of a protective
9  order in patent cases, it would deprive Phoenix of its right to due process if this issue were
10 decided without a properly noticed motion.  We are adamant that the issue regarding a protective
11 order cannot be decided at the status conference because Phoenix's right to consult with counsel
12 of its choice is sacrosanct.  Furthermore, Patent Local Rule 2-2, which states that the Northern
13 District's protective order governs discovery, already affords the same protection as Defendant's
14 request.

15      To the extent that the documents referenced by Wells Fargo were produced, the attorney-
16 client privilege is waived only as to those documents.  However, Wells Fargo misstates the facts
17 by stating that "Phoenix's counsel conceded that privilege had been waived."  This language
18 suggests that Phoenix's counsel conceded to waiver beyond the reference documents, which was
19 clearly not the case.

20      **ADR.**  Pursuant to Local Rule 16-10(d), the parties state that they are scheduled to
21 engage in a mediation on October 23, 2008.

The parties look forward to discussing these matters and any others that the Court may desire on August 25th.

Dated: August 18, 2008	TROJAN LAW OFFICES


By: /s/ R. Joseph Trojan
R. Joseph Trojan
Attorneys for Plaintiff
PHOENIX SOLUTIONS, INC.

Dated: August 18, 2008	KEKER & VAN NEST, LLP


By: /s/ Eugene M. Paige
Eugene M. Paige
Attorneys for Defendant
WELLS FARGO BANK, N.A.