R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   (310) 777-8399
Facsimile:   (310) 777-8348

**Attorneys for Plaintiff,
PHOENIX SOLUTIONS, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a Delaware corporation,<br><br>Defendant. | CASE NO. CV08-0863 MHP<br><br>**DECLARATION OF R. JOSEPH TROJAN IN SUPPORT OF PLAINTIFF PHOENIX SOLUTIONS, INC.'S BRIEF RE: DEFENDANT WELLS FARGO BANK, N.A.'S PROPOSED PROTECTIVE ORDER**<br><br>**Hon. Marilyn H. Patel** |

**Declaration of R. Joseph Trojan in Support of Plaintiff's Brief re: Defendant's Proposed Protective Order**

-1-

CV08-0863 MHP

# DECLARATION OF R. JOSEPH TROJAN

I, R. Joseph Trojan, declare as follows:

1.   I am an attorney at law, duly licensed to practice law in the State of California and the United States District Court for the Northern District of California. I am the owner of Trojan Law Offices, the attorneys of record for Plaintiff Phoenix Solutions, Inc. ("Phoenix"). I have personal knowledge of the facts stated herein. If called upon to do so, I could and would competently testify that:

2.   Attached hereto as **Exhibit 1** is a true and correct copy of a letter received by undersigned from Mr. Eugene M. Paige, counsel for Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), dated July 1, 2008.

3.   Attached hereto as **Exhibit 2** is a true and correct copy a webpage (https://www.delphion.com/fcgi-bin/patsearch) showing the result of a Delphion search for patents issued to Wells Fargo in the United States Patent Office for "speech recognition" technology.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of September, 2008, in Beverly Hills, California.

/s/R. Joseph Trojan
R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

**Declaration of R. Joseph Trojan in Support of Plaintiff's Brief re: Defendant's Proposed Protective Order**    -2-    **CV08-0863 MHP**

# EXHIBIT 1

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

July 1, 2008

**VIA FACSIMILE AND U.S. MAIL**

R. Joseph Trojan, Esq.
Trojan Law Offices
9250 Wilshire Boulevard, Suite 325
Beverly Hills, CA 90212

      RE: *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*
            No. CV-08-0863 MHP

Dear Joe:

      Thank you for your letter of yesterday afternoon.

      In that letter, Phoenix proposed modifying the draft protective order such that J. Nicholas Gross would be permitted access to highly confidential materials marked as "Attorney's Eyes Only" in this litigation. We understand that Mr. Gross prosecuted all four of the patents-in-suit, and surmise from certain published pending applications that he continues to prosecute patents in the same family on behalf of Phoenix while this litigation is pending.

      Under the circumstances, Wells Fargo cannot agree that Mr. Gross should have access to highly confidential material in this litigation unless he agrees to cease prosecuting patent applications in this subject matter area on behalf of Phoenix until at least a year after the termination of this litigation. Although the protective order contains language restricting the use of information that may be produced in this litigation to prosecuting, defending and attempting to settle the litigation only, and without questioning the good faith with which Mr. Gross would undertake that obligation, it is simply too hard for an attorney prosecuting patents on behalf of a client to segregate the knowledge he gains through discovery into what he may use and what he may not use while prosecuting patents. That is why a California federal district court has recently ruled that "the patent prosecutors for any party should make a choice: either prosecute future patents in this family of patents, or litigate the patent at issue, but not both." *Presidio Components, Inc. v. American Tech. Ceramics Corp.*, 546 F. Supp. 2d 951 (S.D. Cal. 2008).

      If Mr. Gross is willing to cease prosecuting patents in this subject area, then Wells Fargo may be able to agree to permit him to access the highly confidential material produced in this litigation, and we would be happy to supply draft language regarding the proposed prosecution

420454.01

R. Joseph Trojan, Esq.
July 1, 2008
Page 2

bar for inclusion in the draft stipulated protective order. If Mr. Gross intends to continue prosecuting patents in this area on behalf of Phoenix, Wells Fargo must insist that Mr. Gross not be permitted access to documents marked as "Attorney's Eyes Only" in this litigation. Please let me know which option Phoenix would prefer.

Thank you for your attention to this matter, and please do not hesitate to contact me should you wish to discuss it further.

Sincerely,

Eugene M. Paige

EMP:daf

420454.01

# EXHIBIT 2



| | | US3508702 | CREDIT CARD MAILING ASSEMBLY | 1970-04-28 | 1968-11-01 | 80% |

**Order** selected items as PDF    [Go]

**Show:** ☐ Thumbnail ☑ Title ☐ Derwent Title ☐ Abstract ☐ Assignee    **Sort by:** Score
☑ Pub. Date ☑ Filed ☐ Priority Date ☐ IPC Code ☑ Score    **Items per page:** Scc    [Refresh]
[ Check all ]

Printer-friendly version

**Legend**
— Free for US, EP and WO    — $3.00 for National Collections

THOMSON

Subscriptions | Web Seminars | Privacy | Terms & Conditions | Site Map | Contact Us | Help

Copyright © 1997-2008 The Thomson Corporation