R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:  (310) 777-8399
Facsimile:  (310) 777-8348
**Attorneys for Plaintiff,**
**PHOENIX SOLUTIONS, INC.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a Delaware corporation,<br><br>Defendant. | CASE NO. CV08-0863 MHP<br><br>**DECLARATION OF J. NICHOLAS GROSS IN SUPPORT OF PLAINTIFF PHOENIX SOLUTIONS, INC.'S BRIEF RE: DEFENDANT WELLS FARGO BANK, N.A.'S PROPOSED PROTECTIVE ORDER**<br><br>**Hon. Marilyn H. Patel** |

**Declaration of J. Nicholas Gross in Support of Plaintiff's Brief re: Defendant's Proposed Protective Order**    -1-    CV08-0863 MHP

# DECLARATION OF J. NICHOLAS GROSS

I, J. Nicholas Gross, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California. I have personal knowledge of the facts stated herein. If called upon to do so, I could and would competently testify that:

2. I am outside patent counsel for Plaintiff Phoenix Solutions, Inc. ("Phoenix"). I have been the sole patent attorney for Phoenix for nine years. As its only patent counsel, I prosecuted the patents-in-suit: U.S. Patent Nos. 6,633,846, 6,665,640, 7,050,977 and 7,277,854, as well as every other patent and application in their portfolio.

3. I have absolutely no involvement in any competitive decision-making for Phoenix, nor have I in the past, nor do I plan to in the future. I have no involvement in the operation of Phoenix. I do not hold a title or position in Phoenix. I do not advise or participate in any business decisions as to pricing, product design, marketing or the like for Phoenix. I have only advised Phoenix as to the prosecution, licensing and enforcement of the patented speech recognition technology, tasks I routinely perform for my other clients as a part of my duties as a patent attorney.

4. As Phoenix's only patent counsel for the past nine years, I am uniquely qualified and thus required to assist Phoenix's litigation counsel in the evaluation, preparation, and presentation of Phoenix's claims and defenses in this action. In order to adequately assist Phoenix's litigation counsel, I believe I must have full access to the documents and information produced in this litigation, subject to the terms of the protective order proposed by Phoenix's litigation counsel. Such access is needed to intelligently discuss this action with litigation counsel, and ensure that the patents-in-suit are adequately accurately understood and represented. Thus far, I have been heavily relied upon to explain and advise on all aspects of the patents-

Declaration of J. Nicholas Gross in Support    -2-    CV08-0863 MHP
of Plaintiff's Brief re: Defendant's Proposed
Protective Order

1 | in-suit and its related technology to litigation counsel.

2 |     5.    On September 6th, 2008 I performed a search on the Delphion database of United States patents to locate patents issued and assigned to Wells Fargo. The results are attached here as Exhibit 2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of September, 2008, in San Francisco, California.

*[signature]*

J. Nicholas Gross

---

Declaration of J. Nicholas Gross in Support of Plaintiff's Brief re: Defendant's Proposed Protective Order

-3-

CV08-0863 MHP