R. Joseph Trojan, CA Bar No. 137,067
Trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348
**Attorneys for Plaintiff,
PHOENIX SOLUTIONS, INC.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation,<br>          Plaintiff,<br>     v.<br>WELLS FARGO BANK, N.A., a Delaware corporation,<br>          Defendant. | CASE NO. CV08-00863 MHP<br><br>**PHOENIX'S BRIEF REGARDING THE SCOPE OF WAIVER**<br><br>Judge:  Hon. Marilyn Hall Patel<br>Trial Date:  TBD<br>Hearing Date: September 11, 2008 at 3:00 PM |

Pursuant to the August 25, 2008 Status Conference, Plaintiff Phoenix Solutions, Inc. ("Phoenix" or "Plaintiff") hereby submits this Brief Regarding the Scope of Waiver.

I.      INTRODUCTION

Plaintiff Phoenix Solutions, Inc. has previously produced communications between Dr. Ian Bennett and his patent counsel, Mr. J. Nicholas Gross.  These documents relate to the drafting and editing of the written description portion of the patents-in-suit and predate the applications' filing date.  *See* Trojan Dec. ¶2, Exh. 1.  As a result of this disclosure, Defendant argues that Plaintiff has waived the privilege for all communications relating to (1) editing and drafting of the specification of the patents, including the scope and content of the prior art; (2) inventorship of the patents; (3) novelty and/or innovation of the patents; (4) how to uncover prior art; (5) how prior art applies to the invention; and (6) how to draft the claims to avoid prior art.  *See* Trojan Dec. ¶3, Exh. 2.  The parties were unable to reach a consensus on the scope of the waiver. *See* Trojan Dec. ¶4, Exhs. 2 and 3.

-1-

Defendant's request for the production of should be denied because it is overly broad and seeks waiver for documents that are clearly privileged. In particular, since none of the communications disclosed any of the patent claims, no subject matter relating to claim drafting should be within the scope of waiver. Further, it is Plaintiff's position that attorney-client communications after the filing date have not been placed at issue by the original production of privileged communications, all of which predate the filing date of the applications.

## II.  FACTUAL BACKGROUND

The previously produced documents at issue are Bates numbered PHO006210 to PHO006351. *See* Trojan Dec. ¶2, Exh. 1. Each document within these Bates numbers will be addressed individually.

PHO006210 is an email updating Bennett's progress on the patent documentation. This is the earliest email produced and is dated August 14, 1999.

PHO006211-6212 is a paper that was dated April 28, 1999, before Bennett met Gross, and is not privileged. It does not appear that the paper was attached to any email and was likely given to Gross in person.

PHO006213-6214 is an email discussing the receipt of documents.

PHO006215-6216 is an email in reply to Gross's email where Gross directs Bennett to IBM's website for examples of patents. The subject line "Re: patent samples" makes it clear that the IBM patents were to serve as examples for Bennett to consider when writing the written description. These patents were later disclosed to the USPTO as prior art at the time of filing. Although Bennett asks the question "do you think we need a good search for work done in the natural language/speech recognition area?" in his reply email, it does not appear that Gross sent a reply email back to Bennett responding to that question.

PHO006217 is a news article that is not a privileged document.

PHO006218 is an email updating Bennett's progress on the patent documentation. The email discloses "the team in Bangalore," all of whom were disclosed in the patent applications.

PHO006219 is an email discussing the receipt of documents.

PHO006220-6221 is an email discussing the receipt of documents as well as a progress update.

PHO006222-6238 is a draft of the written description.

PHO006239-6240 is an email discussing the receipt of documents.

PHO006241 is an email discussing the receipt of documents.

PHO006242-6243 is an email discussing the receipt of documents.

PHO006244-6315 are drafts of the written description. Comments in the drafts refer to prior art (see, e.g., PHO006274-6275), but the prior art is mentioned in the context of disclosure. The applicant has a duty to disclose prior art to the USPTO. Those comments do not discuss any substantive issues such as novelty, application of the prior art to the invention, or claim drafting. Examples of the comments include the following: "Here we should make a reference to some contemporary patents, articles that describe HMM"; "Here we might mention Dragon, Via-Voice, etc."; and "Here we should talk about Qualcomm and GTE prior art on distributed processing."

PHO006316-6317 is an email discussing revisions of a draft of the written description. This is the latest email produced and is dated November 8, 1999, which is prior to the November 12, 1999 filing date of the patents-in-suit.

PHO006318-6351 are drafts of the written description.

## III.   ARGUMENT

### A.   Scope of Waiver Generally

Federal Circuit law applies when determining what subject matter falls into the scope of waiver. *See Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001) ("Federal Circuit law applies when deciding whether particular written or other materials are discoverable in a patent case, if those materials relate to an issue of substantive patent law."); *see also Board of Trustees of the Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 623 (N.D. Cal. 2006).

The Federal Circuit has stated that "[t]here is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349-1350 (Fed. Cir. 2005). "The widely applied standard for determining the scope of a waiver ... is that the waiver applies to all other communications relating to the same subject matter." *Fort James, supra.*, 412 F.3d at 1349. The scope of the waiver should only encompass the subject matter that has been put at issue. *See Winbond Electronics Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1376 (Fed. Cir. 2001); *Stanford, supra.*, 237 F.R.D. at 627; *see also Katz v. AT & T Corp.*, 191 F.R.D. 433, 440 (E.D.Pa. 2000) ("The scope of waiver … is narrowly construed in patent cases.").

-3-

### B. Fairness Is the Principle Underlying the Waiver of Attorney-Client Privilege

According to the Federal Circuit, "waiver extends beyond the document initially produced out of concern for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." *Fort James*, 412 F.3d at 1349. It is clear from the documents produced that Phoenix made no attempt to conceal unfavorable documents. It is just as clear that Phoenix specifically produced all documents it believed were related to the to the drafting of the written description.

In determining what constitutes the subject matter of a waiver, courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures. *See Fort James*, 412 F.3d at 1349-1350. In this case, Plaintiff has produced all of its pre-filing communications relating to the drafting of the written description portion of the patents-in-suit. Since the legal advice sought related to the filing of patents, most of the information found in the communications were already disclosed to the public in the patent application.

Before the Court considers expanding the subject matter scope of waiver, Defendant should be required to make a showing that 1) the privileged documents already produced overwhelmingly support Plaintiff's position on a specific issue being litigated and 2) there is a substantial prospect of uncovering real probative evidence on that issue should the Court allow intrusion into that subject matter. Absent such a showing, there is little risk that limiting the subject matter scope of the waiver would unfairly impair Defendant's ability to litigate.

On the other hand, expanding the subject matter scope of the waiver to all communications that have any bearing on matters tangentially mentioned in the documents produced would cause considerable harm to competing interests. Such interests include the policies that inform the attorney-client privilege and the work product doctrine, as well as the Court's interest in promoting appropriately focused and efficient litigation and in not providing one side of a dispute with tactical advantages or with leverage not grounded in the merits of the parties' positions. *See Sharper Image Corp. v. Honeywell International Inc.*, 222 F.R.D. 621, 638 (N.D. Cal. 2004).

### C. The Federal Circuit Provides for Temporal Limits on Scope

Temporal limits on the scope of waiver can be applied if appropriate. *See Winbond*, *supra.*, 262 F.3d at 1376. This Court is split as to whether temporal limits are appropriate in

-4-

general. *Compare Stanford*, *supra.*, 237 F.R.D. at 627 *with Sharper Image*, 222 F.R.D. at 646. Courts retain broad discretion in deciding the appropriate scope of a waiver. *See In re Papst Licensing GMBH & Co., KG Litigation*, 250 F.R.D. 55, 59 (D.D.C. 2008). As such, the appropriateness of a temporal limit should be determined on a case-by-case basis.

In *Katz*, *supra.*, the disclosure of privileged documents were made to established the conception dates for various elements of the inventions. *Katz*, 191 F.R.D. at 441. In setting a temporal limitation, the *Katz* Court stated that "[i]t would be fundamentally unfair to extend the scope of the waiver beyond the date of the application because the issue of the conception date of an invention and its necessary elements is constrained to the time period prior to the filing of the application." *Id*.

Similarly, all of the attorney-client communications produced by Plaintiff relate to the drafting of the written description, *which remained unchanged through prosecution of the patents-in-suit*. None of these communications mentioned the claims subsequently prosecuted and no communications dated after the filing date were produced. Thus limited, it would be appropriate to restrict the temporal scope of waiver to communications dated prior to the filing date.

**C.  Proper Scope of Waiver**

Defendant's proposed waiver is simply overbroad. Rather than tailoring the scope of waiver to the specific subject matter of the disclosures, Defendant seeks to gain an unfair advantage by improperly gaining access to Plaintiff's privileged communications.

For example, Defendant requests all communications relating to the scope and content of the prior art. While written description portions of patent applications usually reference prior art, that prior art is cited to fulfill the applicant's duty of disclosure. Defendant's suggested scope would encompass not only communications regarding such disclosures, but also all attorney-client communications that deal with prior art cited by the Examiner and prior art cited in litigation.

Likewise, communications relating to how to uncover prior art, how prior art applies to the invention, and how to draft the claims to avoid prior art would be privileged communications dealing with the claims themselves. Production of such communications would place Plaintiff at a disadvantage considerably disproportional to any advantage the prior disclosure may have created.

TROJAN LAW OFFICES
BEVERLY HILLS

More fundamentally, the communications Defendant seeks to uncover have simply not been placed at issue. A patent applicant's position prior to filing is different from its position during prosecution and from its position after issuance. For example, pre-filing communications discussing prior art may include notes about which prior art to include in the specification whereas privileged communications during prosecution would likely relate to more substantive issues like how to overcome prior art cited by the Examiner.

Under Defendant's proposal, Plaintiff would be required to produce all privileged communications discussing such unrelated subjects. By Defendant's overly broad reading of the disclosed documents, the mere mention of "the team in Bangalore" in one of the previously produced emails results in the waiver of all attorney-client privileged communications relating to the inventorship of the patent. Similarly, Defendant takes the position that comments such as "Here we should make a reference to some contemporary patents, articles that describe HMM" and "Here we might mention Dragon, Via-Voice, etc." opens the door to all communications relating to how prior art applies to the invention and how to draft the claims to avoid prior art. Such a broad scope of waiver affronts public policy and is not consistent with the case law.

The subject matter disclosed in the previously produced documents only relate to the drafting and editing of the written description portion of the patents-in-suit. All of communications deal with matters prior to the filing of the applications. Therefore, any waiver should be limited in temporal scope prior to the date of filing and be limited to the subject matter of the drafting of the written description.

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Defendant's demand for further production of privileged documents be denied.

                                            Respectfully submitted,
                                            TROJAN LAW OFFICES
                                            by

Date: September 8, 2008              /s/ R. Joseph Trojan
                                            R. Joseph Trojan
                                            Attorney for Plaintiff,
                                            PHOENIX SOLUTIONS, INC.

TROJAN LAW OFFICES
BEVERLY HILLS